Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ  85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Rebecca Salo; | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Seattle Service Bureau, Inc., d.b.a. National Service Bureau; and Craig Jones; | (Jury Trial Demanded) |
| Defendants. | |

**I.   Preliminary Statement**

1.  Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

## II.  JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III.  Statutory Structure of FDCPA

3. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

4. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

5. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

6. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money

1  arising out of a transaction in which the money,
2  property, insurance, or services which are the
3  subject or the transaction are primarily for
4  personal, family, or household purposes. FDCPA §
5  1692a(5).
6  7. The FDCPA defines "debt collector' as any person
7  who uses any instrumentality of interstate commerce
8  or the mails in any business the principal purpose
9  of which is the collection of any debts, or who
10 regularly collects or attempts to collect, directly
11 or indirectly, debts owed or due or asserted to be
12 owed or due to another. FDCPA § 1692a(6).
13 8. Any debt collector who fails to comply with the
14 provisions of the FDCPA is liable for any actual
15 damage sustained; statutory damages up to $1,000;
16 attorney's fees as determined by the Court and costs
17 of the action. FDCPA § 1692k.

**IV.   JURISDICTION**

19 9. Jurisdiction of this Court, over this action and the
20 parties herein, arises under 15 U.S.C. § 1692k(d)
21 (FDCPA), and 28 U.S.C. §§ 1331. Venue lies in the
22 Phoenix Division of the District of Arizona as
23 Plaintiff's claims arose from acts of the Defendants
24 perpetrated therein.

## V. PARTIES

10. Plaintiff resides in Maricopa County, Arizona.
11. Plaintiff is a natural person allegedly obligated to pay a debt which was incurred for household or family purposes.
12. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3) and FCRA § 1681a(c).
13. Defendant Seattle Service Bureau, Inc., doing business under the name of National Service Bureau (hereinafter "NSB"), is a foreign corporation registered to conduct business within the State of Arizona.
14. NSB is licensed as a collection agency by the Arizona Department of Financial Affairs, license number 0908615, to collect debts within the State of Arizona.
15. NSB collects or attempts to collect debts owed or asserted to be owed or due another.
16. In the alternative, NSB collects or attempts to collect debts it has purchased or acquired after default.
17. NSB is a "debt collector" as that term is defined by FDCPA § 1692a(6).
18. Defendant Craig Jones is an individual employed by NSB as a collector.

-4-

19. In his employment as a collector for NSB, Jones collects or attempts to collect debts which are owed or asserted to be owed or due another.
20. Jones is a "debt collector" as that term is defined by FDCPA § 1692a(6).
21. At all times relevant herein, Jones was acting as an agent for and in behalf of NSB in the collection or attempted collection of a debt from Plaintiff.
22. NSB is liable for the actions of its employees and collectors acting within the scope of their employment of collecting or attempting to collect debts owed or asserted to be owed or due another.
23. Acting as its agent, NSB is liable for the actions of Jones in connection with the collection or attempted collection of a debt from Plaintiff.

### VI.  Factual Allegations

24. In or about 2006, Plaintiff was fraudulently induced into signing a promissory note for $12,000 to Capital Lending and Investments (hereinafter "Capital"), which was secured by a deed of trust on her family's home.
25. The Capital Loan was incurred for family or household purposes.
26. Sometime thereafter, Plaintiff became delinquent on her payments to Capital and she defaulted.

27. Thereafter, Capital, or its successor, assigned the debt to NSB for collection purposes.
28. On or about July 20, 2011, NSB though its collector Jones telephoned Plaintiff on her cell phone and left a voice message in which it failed to meaningfully identify that the call was from National Service bureau, or notify Plaintiff that the call was from a debt collector calling in an attempt to collect a debt.
29. During the next several weeks, Jones called Plaintiff on behalf of NSB no fewer than twenty-five times.
30. During this time, Defendants have left no fewer than seven voice messages with Plaintiff, most of them being very rude and demanding, and one where Jones acted as if he was an old school mate.
31. Plaintiff did not recognize the name Craig Jones, nor the phone number left with the messages, and had no idea why or what the calls pertained to.
32. Plaintiff eventually searched the phone number on the internet and learned that the calls were coming from a collection agency.
33. On August 3, 2011, Jones, calling for NSB, phoned Plaintiff's place of employment and left a message for Plaintiff with Plaintiff's co-worker.

34. The co-worker sent Plaintiff an email which stated: "Craig Jones called for you and would like you to call him today. He said that you would know what it was about. He will be in until 4 today. 206-801-1333."
35. The next day, on August 4, 2011, Jones called Plaintiff's work again and spoke with the same co-worker. She told Jones that Plaintiff was on another line, and asked if she could take a message for her. Jones told her no, that he had left a message the day before and that Plaintiff had not returned her call. Plaintiff's co-worker recognized the voice as the same caller from the day before and notified Plaintiff that he had called again.
36. About ten (10) minutes later, Jones called Plaintiff's work number again, and Plaintiff's co-worker transferred the call to Plaintiff.
37. Plaintiff immediately told Jones not to call her at work again and then hung up.
38. The phone immediately rang again, and Plaintiff answered and recognized Jones' voice.
39. Jones asked Plaintiff for her payroll department, and when she told Jones that the payroll person was not in, Jones demanded to know who that person was, and Plaintiff gave him her name.

40. Thinking that Jones was collecting on a previously outstanding medical debt which Plaintiff had, Plaintiff told Jones that she had mailed her final payment yesterday.
41. Jones chuckled, and rudely said "why Rebecca I have no idea what you are talking about."
42. Worried that her wages would garnished, and that her job was in jeopardy, Plaintiff immediately hung up on Jones and contacted legal counsel to find out whether this collection agency could garnish her wages.
43. Plaintiff subsequently called Jones back and attempted to give him the name of a lawyer who was going to assist her, however, the call quickly became a yelling match wherein Plaintiff was attempting to give Jones her attorney's contact information, and Jones stating that he was attempting to collect a debt.
44. Jones then repeatedly stated that "you don't even know why I am calling, do you."
45. Plaintiff then told him that in fact she did not know why he was calling, and then gave Jones her lawyer's contact information.
46. Jones asked if it was a bankruptcy attorney, and Plaintiff told him that she did not need a

1  bankruptcy attorney.
2  47. Jones then told Plaintiff, in a threatening manner, that she did indeed need a bankruptcy attorney because she owed his client Capital Lending and Investments $59,000.
6  48. Plaintiff immediately panicked, and hung up the phone.
8  49. Because of these calls to Plaintiff's work, and the threat that Jones would be calling Plaintiff's employer for garnishment purposes, Plaintiff told her employer about the situation and the calls, and that Jones may call her concerning her employment there.
14 50. Talking with her employer and co-worker about the reasons for the calls was very humiliating and embarrassing to Plaintiff, but she feared that if she did not explain and Jones called back, it would further jeopardize her employment.
19 51. Plaintiff has never received any written communications from NSB concerning this debt.
21 52. As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages, including, but not limited to, humiliation, embarrassment, and emotional distress.

## VII.  Causes of Action

### a. Fair Debt Collection Practices Act

53. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
54. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), 1692e(11), and 1692g.
55. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VIII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a)  Actual damages under the FDCPA;
b)  Statutory damages under the FDCPA;
c)  Costs and reasonable attorney's fees pursuant to the FDCPA; and
d)  Such other relief as may be just and proper.

/ / /
/ / /

- 10 -

DATED   August 10, 2011  .

                                          s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ  85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff